# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 10-CR-155

BELARMINIO AMPARO BAEZ,

        Defendant.

_____

## ORDER

On February 21, 2011, the defendant, Belarminio Amparo Baez ("Baez"), filed a motion to dismiss the indictment pending against him, suggesting that he has been denied his statutory and constitutional right to a speedy trial. (Docket #19). On March 14, 2011, Magistrate Judge Patricia J. Gorence issued her recommendation to this court, concluding that a violation of the Speedy Trial Act occurred, and, as a consequence, the indictment ought to be dismissed, but with the caveat that the dismissal should come without prejudice. (Docket #22 at 7). At the same time, Magistrate Gorence concluded that Baez had not demonstrated a denial of his Sixth Amendment right to a speedy trial. *Id.* On March 21, 2011, Baez's counsel filed an objection to the report and recommendation. (Docket #23). The government has not responded to the defendant's objections. The magistrate's recommendation is now before the court for review and final determination beginning with the court's review of the procedural history of the case, including the charges against the defendant.

## BACKGROUND

On August 24, 2010, a federal grand jury, sitting in this district, returned a two-count indictment against Baez. (Docket #1). Specifically, Baez was charged with knowingly and intentionally distributing five grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 as well as with traveling in interstate commerce with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, the distribution of a controlled substance in violation of 18 U.S.C. §§ 1952(a)(3) and 2. On August 27, 2010, Baez appeared for arraignment before United States Magistrate Judge Aaron E. Goodstein and entered a plea of not guilty to each offense. During the arraignment proceedings, the magistrate provided counsel with a pretrial scheduling order that addressed the filing of any pretrial motions as well as cutoff dates for briefing. At the same time, in accordance with the policy of this branch of the court, Magistrate Goodstein also reminded counsel of their joint obligation to contact this court's chambers in reference to scheduling Mr. Baez's case for trial. On September 10, 2010, the defendant filed two pretrial motions. On November 5, 2010, the magistrate denied Baez's motion to sever the counts for purposes of trial and recommended that this court deny his motion to suppress evidence and for a *Franks*[1] hearing. The defendant did not object to this recommendation and the district court adopted it on November 26, 2010. On December 10, 2010, the defendant filed a motion for a

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

speedy trial. However, contrary to the magistrate's admonition, counsel for the parties failed to contact the court to schedule Baez's case for trial. On February 21, 2011, the defendant filed the instant motion to dismiss on speedy trial grounds.

Since the court finds itself obliged to address the motion to dismiss against the backdrop of the entirety of the procedural history that underlies the defendant's charged conduct, it becomes of considerable significance that the full history of this case actually began in Seymour, Indiana, where Baez was first arrested on June 22, 2008. His arrest was made pursuant to a warrant issued after a grand jury returned an indictment against him on a single count of conspiring to distribute controlled substances contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Case No. 08-CR-190). Baez was transported to this district and arraigned on August 21, 2008, at which time he was advised that the case had been designated complex. The court also issued an order of detention that has remained in place throughout the entirety of the proceedings against Baez.[2] On October 23, 2008, United States Magistrate Judge Aaron E. Goodstein issued a pretrial scheduling order, requiring defense motions to be filed by February 27, 2009, government responses to be filed by March 13, 2009, and defense replies to be filed by March 31, 2009. On February 27, 2009, the defendant filed three pretrial motions, all decided by the magistrate judge on April 24, 2009. The defendant's case was initially scheduled for jury trial on October 26, 2009, but on October 23, 2009, it was adjourned indefinitely upon joint motion by the

---

[2]Baez is not a legal resident of the United States and entered this country illegally from the Dominican Republic. Defendant is currently subject to a deportation order and, upon dismissal of the current indictment, he will be deported.

government and one of Baez's co-defendants. On December 4, 2009, the defendant sought to be released from custody on bond but his request was denied. On February 27, 2010, the court scheduled defendant's jury trial for June 14, 2010. On June 2, 2010, the government sought another adjournment. The trial was subsequently rescheduled to August 16, 2010. On August 13, 2010, three days before the jury trial, the government filed a motion seeking leave to dismiss the indictment against the defendant which was granted on August 16, 2010. On August 24, 2010, only eight days later, the government re-indicted Baez on substantive charges arising out of the same course of relevant conduct embodied in the original indictment in which Baez was charged with a single count of conspiracy. Consequently, as of today's date, the defendant has remained in custody for more than two years and nine months, or more than 1,000 days. With the benefit of these additional facts, the court now proceeds to address the merits of the defendant's motion, beginning with the Speedy Trial Act violation.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may consider dispositive motions, such as motions to dismiss, and issue recommendations to the district judge regarding their disposition. When a party objects to a magistrate's findings, the district court judge must make *de novo* determinations as to these findings. 28 U.S.C.§ 636(b)(1)(C); *see also Delgado v. Bowen,* 782 F.2d 79 (7th Cir. 1986). The district court may adopt the recommendation in part or in its entirety and has the final authority of judgment in the case. *Delgado*, 782 F.2d at 82. If

necessary, the district court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court has reviewed the evidence and finds it sufficient to make factual determinations on those records alone.

## DISCUSSION

The Speedy Trial Act mandates that criminal trials be commenced within seventy days of the issuance of an indictment or a defendant's first appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). If the defendant is not brought to trial within seventy days, the indictment should be dismissed on the motion of the defendant. 18 U.S.C. § 3162(a)(2). A dismissal may be with or without prejudice. *United States v. Taylor*, 487 U.S. 326, 336-37, 342-43 (1988). Here, the issue on the motion to dismiss with respect to the Speedy Trial Act violation is straightforward as the government concedes that a violation of the Speedy Trial Act occurred. (Docket #20 at 1). Thus, the only contention that remains is whether the indictment should be dismissed with or without prejudice.

The Speedy Trial Act provides this court with "substantial discretion to determine whether to dismiss the indictment with or without prejudice, requiring the court to consider, 'among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.'" *United States v. Sykes*, 614 F.3d 303, 309 (7th Cir. 2010) (quoting 18 U.S.C. § 3162(a)(2)). Moreover, "implicit" in the Speedy Trial Act's

"broadly stated formula" is a requirement that the court consider "whether the defendant has been prejudiced." *Sykes*, 614 F.3d at 309. "[T]here is no presumption in favor of either form of dismissal." *Taylor*, 487 U.S. at 343 n.15.

Based upon application of the Speedy Trial Act to the facts drawn from the procedural history found in the charging history of the defendant's case, the court finds itself unable to adopt the magistrate's recommendation that the indictment pending against Baez be dismissed without prejudice. First, the underlying criminal charges in this action are quite serious as they carry significant penalties upon conviction, and the defendant concedes as much. (Mot. to Dismiss at 5) (Docket #19). Thus, standing in isolation, this factor favors dismissal without prejudice. On the other hand, the defendant argues the court should take into account the fact that this is Baez's first criminal charge and it did not involve violence, threats of violence or the use of a firearm or other weapon. These are certainly mitigating factors; however, even in light of their effect, the court finds the seriousness of the underlying offenses weighs more heavily in favor of dismissal without prejudice than it does in favor of dismissal with prejudice.

However, when considering the facts and circumstances that led to the dismissal, the court finds that, on balance, the factors weigh heavily in favor of dismissing the charge with prejudice. The parties agree and the magistrate found that the Speedy Trial Act violation in this case was approximately one month. (Magistrate Recommendation at 6) (Docket #22). Defendant argues he caused no delay resulting in the Speedy Trial Act violation, the government's delay in bringing

this case to trial was intentional, and the delay has come at significant prejudice to Baez. (Mot. to Dismiss at 5) (Docket #19). The government argues it has not intentionally sought any delay in this matter and places blame, in part, on both parties and upon the court for failing to schedule a trial date. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 2) (Docket #20). Section 3161(a) of the Speedy Trial Act provides, in relevant part: "the appropriate judicial officer, at the earliest practicable time, shall, after consultation with [counsel for both parties] set [the case for trial] . . ." 18 U.S.C. § 3161(a). According to the plain language of the statute, the court's responsibility to set a matter for trial *follows* consultation with the parties. The statute is ambiguous, however, as to when such "consultation" must occur and as to who bears the responsibility of initiating such "consultation." Yet, this court has been clear about its policy that it is counsel for the parties' obligation, after consultation with one another, to notify the court that the case is ready to be set for trial. Therefore, the government's attempt to shift the blame to the court for failing to set a trial date is unavailing. Moreover, "[t]he onus is ultimately on the government to prosecute its cases," *United States v. Catherine Bohannon*, No. 08-CR-302, 2010 U.S. Dist. LEXIS 137742, at *7-8 (E.D. Wis. Dec. 30, 2010), and by failing to request a trial date and failing to request additional excludable time under the Speedy Trial Act, the government has shirked its responsibilities under the Act. In addition, there is no indication that the defendant contributed to the delay in any way. Rather, the defendant asserted his right to a speedy trial on December 10, 2010, well before time expired under the Act. (Docket #18).

What is more, the government remains silent as to why the delay occurred, simply relying on the fact that the violation was "not particularly severe" in pleading its case to the court for a dismissal without prejudice. (Pl.'s Resp. at 2). While the lack of explanation may speak to an unwitting violation, this by no means dispels the court's concerns. To be sure, an isolated and unwitting violation of the Speedy Trial Act, coupled with a brief delay of inconsequential prejudice to the defendant, would likely not alter the balance in any substantial way. *See United States v. Smith*, 576 F.3d 681, 689 (7th Cir. 2009) (affirming the decision of a district court to dismiss an indictment without prejudice where there was no evidence of bad faith on the part of the government). Yet, here, though the court finds no evidence of bad faith, the government has displayed a "truly neglectful attitude" throughout the entirety of defendant's case, thereby altering the balance in favor of dismissal with prejudice. *See United States v. Taylor*, 487 U.S. 326, 339 (1988) (observing that "we do not dispute that a truly neglectful attitude on the part of the Government reasonably could be factored against it in a court's consideration" of whether to dismiss with or without prejudice).

It is also worthy of note that the Speedy Trial Act violation in this case gives every appearance of being part of a pattern of neglect by the assigned Assistant U.S. Attorney, Mario Gonzales, dating back to the initial charges brought against the

defendant in case number 08-CR-190.³ The court appreciates the fact that Case No. 08-CR-190 included multiple defendants and was designated complex. Nevertheless, the government's speedy trial attitude in this first prosecution is best described as nonchalant. Not only was defendant's jury trial adjourned twice close to trial,⁴ but on the eve of defendant's third trial date, the government dismissed the indictment against the defendant – two years after he was first indicted on the

---

³Regrettably, a sampling of Mr. Gonzales' other recent cases in this district reveals similar conduct that, frankly, is unbecoming to any Assistant United States Attorney, thereby signaling to even the most casual observer an outright disregard for the responsibility to timely bring a defendant's case to trial. *See* Case Nos. 06-CR-264 (dismissing an indictment based on a 366-day Speedy Trial Act violation, finding extraordinary negligence resulted in the delay); 07-CR-275 (government filed one superseding indictment requiring adjournment of an imminent trial date and further requested three adjournments close to trial for a total delay of approximately seventeen months); 09-CR-183 (defendant indicted on August 28, 2009; no pretrial motions filed, joint change of plea hearing scheduled for January 21, 2010, but never held for this defendant; docket has been silent since December 8, 2009, except for petitions filed by Pretrial Services); 09-CR-193 (defendant indicted on August 18, 2009; pretrial motions decided as of November 25, 2009; change of plea hearing rescheduled various times and eventually cancelled; docket has been silent since December 14, 2010); 09-CR-244 (defendants indicted on October 6, 2009 with a speedy trial date of January 6, 2010; no pretrial motions filed; jury trial scheduled for March 1, 2010, but adjourned upon motion by the government requesting a brief delay; no trial has been set to date and there has been no further docket activity since March 30, 2010); 10-CR-127 (superseding indictment filed six days before defendants' speedy trial date; pretrial motions decided on November 9, 2010, yet no trial has been scheduled despite a February 4, 2011 speedy trial date); 10-CR-161 (speedy trial date was November 27, 2010; no pretrial motions were filed, yet no trial has been scheduled); 10-CR-179 (speedy trial date was December 1, 2010; no pretrial motions were filed, yet no trial has been scheduled); 10-CR-256 (defendant first appeared before the court on December 2, 2010; pretrial motions decided as of February 7, 2011, yet, with a speedy trial date of March 8, 2011, there has never been a request for a trial date).

⁴The defendant's case was first scheduled for trial on October 29, 2009, fifteen months after his arrest and thirteen months after he first appeared before the court. The first adjournment was sought by the government (with the apparent agreement of one of Baez's co-defendants) because two co-defendants had agreed to plead guilty and cooperate and additional time was sought to reduce their debriefs to writing and one of the co-defendants was wanted for an entirely separate homicide charge and was believed to have fled the country. (08-CR-190, Docket #177). The case was not actually rescheduled until February 17, 2010, and even then, the court set a trial date of June 14, 2010 – almost two years after the defendant's initial arrest. The second adjournment was again sought by Mr. Gonzales for personal reasons, necessitating that the trial be rescheduled for August 16, 2010. Though the circumstances appear to have warranted the second adjournment, the significant point is that the combined effect of these adjournments delayed Baez's trial approximately ten months, all while Baez continued to remain in custody.

conspiracy charge – only in a matter of days thereafter to re-indict him on substantive charges arising out of the same course of conduct described in the original indictment. As earlier noted, Baez has remained in custody throughout the entirety of both proceedings, not once waiving his speedy trial rights. Moreover, the government appears to have made not even the slightest effort to have the delayed periods excluded on any permissible basis under the Act. This neglectful attitude has carried through to the defendant's current prosecution on substantive drug-trafficking charges. Thus, the Speedy Trial Act violation in the second prosecution, though perhaps not as egregious standing alone, is, in actuality, a much more serious violation when viewed in the context of the government's full prosecution history of the defendant.[5] Accordingly, the facts and circumstances leading to dismissal weigh heavily in favor of dismissal with prejudice.

Contrary to the government's view, this is not a case where the defendant has suffered little prejudice as a result of delay. To the contrary, Baez suffered significant restrictions on his liberty, as he has been in custody for the entirety of the proceedings against him – soon to be three years. *United States v. Taylor*, 487 U.S. at 340 (noting "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his

---

[5]Though Congress specifically instructed courts to consider all of the factors laid out in 18 U.S.C. § 3161(a)(2), it also left open the possibility of considering other factors outside the scope of the statute and particular to a case. 18 U.S.C. § 3161(a)(2) (courts "shall consider, *among others*, each of the following factors . . . ") (emphasis added). Here, fundamental fairness requires the court's consideration of the entirety of the proceedings against defendant Baez in its determination of whether dismissal with or without prejudice is warranted.

liberty"); *Barker v. Wingo*, 407 U.S. 514, 537 (1972) (White, J., concurring) (quoting *United States v. Marion,* 404 U.S. 307, 320 (1971) ("[I]nordinate delay between public charge and trial, . . . wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'")). Again, in determining the length of delay and the corresponding prejudice to defendant, the court is not simply considering the one month Speedy Trial Act violation, but rather the totality of the circumstances, including the delay in bringing the defendant to trial in Case No. 08-CR-190. Accordingly, the court concludes that the substantial delay caused by the government's inexcusable conduct which resulted in a serious restriction on Baez's liberty, is sufficiently consequential to tip the balance heavily in favor of dismissal with prejudice.

Furthermore, the court finds that allowing reprosecution of the defendant at this late hour would prejudice his defense, as he contends his only witness has been deported following her own time-served disposition in Case No. 08-CR-190 and, therefore, is no longer available to testify on his behalf. The defendant avers that this witness, his girlfriend, would testify that Baez was nothing more than her driver, and that he was not involved in the distribution of drugs. Because defendant points to specific testimony this witness would have offered, the court finds the defendant has sufficiently demonstrated that he suffered at least some prejudice to his defense. *See United States v. Hills,* 618 F.3d 619, 632-33 (7th Cir. 2010) (finding appellants

failed to prove with specificity that they suffered prejudice to their defense because they did not point to specific testimony that unavailable witnesses would have offered). The prejudice caused to defendant in this respect, though insufficient to carry a Speedy Trial Act violation on its own, slightly aids the defendant's claim to dismissal with prejudice.

Lastly, the final factor weighs in favor of dismissal with prejudice as well. A court may take into account "a demonstrably lackadaisical attitude on the part of the government attorney in charge of the case or a pattern of dilatory practices" in determining the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. *United States v. Cornelius*, 06-CR-264, (E.D. Wis. April 3. 2009, Docket #167 at 14-15) (quoting *United States v. Giambrone*, 920 F.2d 176, 180 (2d Cir. 1990)). In this case, the court finds that to allow reprosecution by dismissing without prejudice would condone the government's neglectful behavior in this case. As the Supreme Court noted in *Taylor*, 487 U.S. at 342, "dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays." By dismissing with prejudice, the court's expectation is that prosecutors will be more attentive to detail so as to avoid Speedy Trial Act violations while at the same time being mindful of the overall effect of prosecutorial policies and procedures on a defendant's statutory and constitutional rights. Accordingly, the court finds that the impact of a reprosecution on the administration of justice and of the Act weighs in favor of dismissal with prejudice.

Balancing all of the 3162(a)(2) factors together, including the prejudice to the defendant, the seriousness of the underlying offenses, the neglectful attitude of the government over the course of defendant's prosecution in this case and the prior case, 08-CR-190, and the impact of a reprosecution on the administration of justice and the Speedy Trial Act, the court is obliged to find that dismissal with prejudice is the appropriate sanction for the government's violation of the Act.[6]

Accordingly,

**IT IS ORDERED** that the March 14, 2011 recommendation of Magistrate Judge Patricia J Gorence that defendant's motion to dismiss the indictment be granted in part and denied in part (Docket #22) be and the same is hereby **ACCEPTED in part** and **REJECTED in part**;

**IT IS FURTHER ORDERED** that defendant Belarminio Amparo Baez's motion to dismiss the indictment (Docket #19), based upon a violation of the Speedy Trial Act, be and the same is hereby **GRANTED**; and

---

[6] Given that the court decided Baez's statutory claims in his favor, it need not reach the additional constitutional questions raised in his Motion to Dismiss. *See Citizens United v. Federal Election Comm'n*, 130 S.Ct. 876, 918 (2010) (Roberts, J., concurring) (stating the Supreme Court's "standard practice is to refrain from addressing constitutional questions except when necessary to rule on particular claims before [the Court]"); *see also Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. ---, 129 S.Ct. 2504 (2009) (applying the principle of constitutional avoidance and deciding the case on statutory grounds instead of reaching the appellant's broader argument that the Voting Rights Act is unconstitutional); *see also Escambia Cnty. v. McMillan*, 466 U.S. 48, 51 (1984) (per curiam) ("[i]t is a well-established principle governing the prudent exercise of this Court's jurisdiction that normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case").

**IT IS FURTHER ORDERED** that the indictment (Docket #1) be and the same is hereby **DISMISSED with prejudice.**

Dated at Milwaukee, Wisconsin, this 4th day of April, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge